# Commonwealth, Appellant, *v.* Lehigh Coal & Navigation Company.

*Taxation—Store orders—Statement of account—Act of June 24, 1901,*
*P. L. 596.*

A paper given by a coal company to an employee, in which the latter is credited with the full amount of wages earned, debited with amounts not due because already paid to him or upon his orders, and the balance shown which is due him, and is payable in money, is not an order upon which the company can be taxed under the Act of June 24, 1901, P. L. 596.

Argued June 1, 1903. Appeal, No. 4, May T., 1903, by plaintiff, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1901, No. 131, for defendant in case of Commonwealth v. Lehigh Coal & Navigation Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Appeal from tax settlement.

SIMONTON, P. J., found the facts to be as follows :

1. On the semi-monthly pay day, which occurred July 10, 1901, the defendant gave to each of its employees a statement of the total amount of his earnings since the last preceding pay day, and an itemized statement of the deductions which defendant claimed his account was subject to for advances made since last pay day, either in cash directly to him or to others on his order, or for which the employee had become indebted to it for services rendered; and the balance shown by the statement to be due to each of the employees was on pay day paid to him in cash. The total amount of the earnings of all the employees for the pay period was $105,603.42 ; the amount of the deductions was $12,781.57, and the total amount of cash paid to the employees on pay day was $92,821.85.

2. Defendant under protest made the report prescribed by the Act of June 24, 1901, P. L. 596, and required by the auditor general on the blanks furnished by him, stating the total amount of earnings during the pay period, the items for which deductions were made, the amount deducted for each item, the total amount deducted, and the amount paid in cash to its em-

ployees. On this report the auditor general and state treasurer, on August 1, 1901, settled an account against defendant, charging it with a tax at the rate of twenty-five per cent on $7,784.52, the amount of the deductions less certain items in respect of which the auditor general decided that defendant was not liable to tax. From this account defendant appealed.

3. The deductions were made in respect of the following items: Hay, feed and mine supplies, beneficiary fund, hauling coal, water rent collections, store collections and miners' trains. All of these, with two exceptions, represented amounts that had been paid in cash by defendant before pay day to creditors of its employees at their request; the exceptions were a charge for hauling coal that had been sold by defendant to its employees, and a charge for the price of tickets sold by defendant to its employees for passage on its trains. There was no objection made by any employee to any of these deductions, but the balance stated to be due to each was paid to him during the pay period.

4. Defendant does not own nor conduct, and is not in any way interested in any store, and did not, for the period for which the tax is claimed, give, make or issue to any employee any order on any store or storekeeper, or on any other person, either for payment of labor or otherwise.

The court entered judgment for defendant.

*Error assigned* was in entering judgment for defendant.

*M. J. Martin*, with him *Frederic W. Fleitz*, deputy attorney general, and *Hampton L. Carson*, attorney general, for appellant.

*M. E. Olmstead* and *A. C. Stamm*, for appellee.

PER CURIAM, July 9, 1903:

The Act of June 24, 1901, P. L. 596, provides that "every person, firm, partnership, corporation or association" shall make report to the auditor general "of the number and amount of all orders, checks, dividers, coupons, pass books, and all other books and papers, representing the amount, in part or whole, of the wages or earnings of an employee that was given, made or issued by him, them or it for payment of labor, and not re-

deemed by the said person, firm, partnership, corporation, or association, giving, making or issuing the same, by paying to the employee or a member of his family the full face value of said order, check, divider, coupon, pass book, or other paper representing an amount due for wages or earnings, in lawful money of the United States, within thirty days from the giving, making or issuing thereof" and imposes a tax upon all such orders.

The facts found by the learned judge below, and not excepted, to by the commonwealth, demonstrate that the act has no application in the present case. The orders, etc., specified in the act are orders "given, made or issued by him, them or it" that is by the person, firm, partnership, corporation or association previously mentioned, " for payment of labor," in other words orders, coupons, pass books, etc., popularly known as store orders given by the employer to the employees as payment in place of money.

The papers claimed by the commonwealth to be taxable in this case are not orders in place of money at all, but mere statements of account between the appellee and its employee, in which he is credited with the full amount of wages earned, debited with amounts not due because already paid to him or upon his orders, and the balance shown which is due him and is payable in money. It is no different in intention or legal effect from a bank's settlement of a depositor's deposit book, showing the amount of his deposits, the payments already made by his order on his checks, and the balance presently due him. The statements of the corporation in this case have neither the form nor the substance of the store orders which the statute subjects to tax. And to show the inapplicability of the tax in fact, the court has found specifically that the company appellee " does not own nor conduct and is not in any way interested in any store, and did not for the period for which the tax is claimed, give, make, or issue to any employee any order on any store or storekeeper, or on any other person, either for payment of labor or otherwise."

Judgment affirmed.